**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| SHANECA LOUISE DAVIS,<br><br>Plaintiff,<br><br>v.<br><br>MISSOURI DEPT. OF REVENUE DIVISION OF TAXATION,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 4:26-CV-1001 SPM |

**OPINION, MEMORANDUM AND ORDER**

Before the Court is self-represented Plaintiff Shaneca Davis' Application to Proceed in District Court Without Prepaying Fees or Costs. [ECF No. 4]. Having reviewed the Application and the financial information provided, the Court has determined that Plaintiff is unable to pay the filing fee. The Court will therefore grant the Application. Additionally, for the reasons discussed below, the Court will dismiss this action for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B).

**LEGAL STANDARD ON INITIAL REVIEW**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous or malicious, or if it fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. "Determining whether a complaint states a plausible claim for relief" is "a context-specific task that requires the reviewing court to draw on its judicial experience and

common sense." *Id.* at 679. The Court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016); *see also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (court not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that, "if the essence of an allegation is discernible . . . then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). But even pro se complaints must "allege facts, which if true, state a claim as a matter of law." *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone*, 364 F.3d at 914-15 (federal courts not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). And "procedural rules in ordinary civil litigation" need not be interpreted so as to excuse mistakes by those who proceed without counsel." *McNeil v. United States*, 508 U.S. 106, 113 (1993).

**THE COMPLAINT**

Plaintiff filed her Complaint against the Missouri Department of Revenue, Division of Taxation. [ECF No. 1 at 2]. Plaintiff states that she is bringing the present lawsuit under Federal Question Jurisdiction, 28 U.S.C. § 1331, and she asserts that her Fourteenth Amendment due process rights have been violated, arguing that she is "trying to understand what happen[ed] to

her state tax refund." *Id.* at 5. She additionally claims in a conclusory fashion that her rights under the Missouri State Constitution were violated. [ECF No. 1 at 5].

Plaintiff seeks monetary damages in excess of $75,000. *Id*. at 5-6.

**DISCUSSION**

Because Plaintiff is proceeding in forma pauperis, the Court is required to conduct an initial review of the case and to dismiss it if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e).

Plaintiff brings this action pursuant to 42 U.S.C. § 1983, which was designed to provide a "broad remedy for violations of federally protected civil rights." *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 685 (1978). To state a claim under 42 U.S.C. § 1983, a plaintiff must establish: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged deprivation of that right was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Plaintiff's claims against the Missouri Department of Revenue are subject to dismissal for failure to state a claim. "Section 1983 provides for an action against a 'person' for a violation, under color of law, of another's civil rights." *McLean v. Gordon*, 548 F.3d 613, 618 (8th Cir. 2008). *See also Deretich v. Office of Admin. Hearings*, 798 F.2d 1147, 1154 (8th Cir. 1986) (stating that "[§] 1983 provides a cause of action against persons only"). However, "neither a State nor its officials acting in their official capacity are 'persons' under § 1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). *See also Calzone v. Hawley*, 866 F.3d 866, 872 (8th Cir. 2017) (stating that a "State is not a person under § 1983"); and *Kruger v. Nebraska*, 820 F.3d 295, 301 (8th Cir. 2016) (stating that "a state is not a person for purposes of a claim for money damages under § 1983"). Furthermore, an agency exercising state power is also not a person subject to suit under § 1983. *See Barket, Levy & Fine, Inc. v. St. Louis Thermal Energy Corp.*, 948 F.2d 1084,

1086 (8th Cir. 1991). Moreover, the Eleventh Amendment bars suit against a state or its agencies for any kind of relief, not merely monetary damages. *Monroe v. Arkansas State Univ.*, 495 F.3d 591, 594 (8th Cir. 2007).

Plaintiff's claim against the Missouri Department of Revenue is a claim against a state agency. However, as noted above, a state agency is not a "person" for purposes of § 1983. Furthermore, suit against the Missouri Department of Revenue is barred by the Eleventh Amendment. Therefore, Plaintiff's claim against the Missouri Department of Revenue is subject to dismissal. Further, the Court finds that to the extent Plaintiff is bringing state law claims for relief, the Court will decline to exercise supplemental jurisdiction over such claims. *See* 28 U.S.C. § 1367(c).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs [ECF No. 4] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Complaint is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim.

**IT IS FURTHER ORDERED** that to the extent Plaintiff is bringing state law claims for relief in this action, the Court declines to exercise supplemental jurisdiction over such claims. *See* 28 U.S.C. § 1367(c).

**IT IS FINALLY ORDERED** that an appeal of this action would not be taken in good faith.

Dated this 9th day of September, 2026.

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE